**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,      )
    )
    )
    )
    v.      )   ID No. 1808010617
    )
JASON WHITE,      )
    )
    )
    Defendant.      )
    )

Date Submitted: November 16, 2023
Date Decided: February 6, 2024

## ORDER

Upon consideration of Defendant Jason White's ("White") letter motion for sentence modification ("Motion"),[1] the State's Response,[2] Superior Court Criminal Rule 35(b), statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)   On November 22, 2019, White was found guilty by a jury of three counts of Drug Dealing, two counts of Aggravated Possession, and three counts of Endangering the Welfare of a Child.[3] White later pled guilty in two other cases and was sentenced in all three cases on August 28, 2020.[4]

---

[1] D.I. 52. White's Motion is governed by Rule 35(b).
[2] D.I. 69.
[3] D.I. 30.
[4] D.I. 33.

(2)    On August 28, 2020, White was sentenced in the instant case as follows: for Drug Dealing, Tier 4 (IN19-10-1257), 25 years at Level V suspended after 2 years, for 2 years at Level IV DOC Discretion suspended after 6 months, for 18 months at Level III; for Drug Dealing, Tier 4 (IN19-10-1259), 2 years at Level V; for Drug Dealing, Tier 2 (IN19-10-1261), 2 years at Level V; and for each count of Endangering the Welfare of a Child (IN19-10-1262, IN19-10-1263, IN19-10-1264), 1 year at Level V suspended for 1 year Level III.[5]

(3)    White seeks to have his Level V sentences run concurrently rather than consecutively.[6]   The grounds for his request are as follows: he has maintained employment while incarcerated, he is enrolled in school, his father has passed away, and his mother is ill.[7]

(4)    On November 16, 2023, the State filed its response to White's Motion opposing the modification, arguing it is time-barred and White fails to present any "extraordinary circumstances."[8]

---

[5] D.I. 33.  At sentencing the Court merged the following charges: Aggravated Possession (IN19-10-1258) with Drug Dealing, Tier 4 (IN19-10-1257); and Aggravated Possession (IN19-10-1260) with Drug Dealing, Tier 4 (IN19-10-1259).  *Id*.  In total, White was sentenced to 10 years of unsuspended Level V time: 6 years for the instant case and 4 years for the other two cases in which he accepted pleas.  *Id*.  In all three cases White's Level V sentences are to run consecutively.  *Id*.
[6] D.I. 52.  White's Motion is unclear as to whether he is solely seeking that the sentences in this case run concurrently or if he is asking for the sentences in this case to run concurrently with his sentences in the other two cases.  *Id*.  Before White filed this Motion, he filed a Motion for Postconviction Relief.  D.I. 44.  White's Motion for Postconviction Relief will be addressed in a separate order.
[7] *Id*.
[8] D.I. 69.

(5) Rule 35(b) governs motions for modification or reduction of sentence.[9] "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[10] Rule 35(b) also mandates that "[t]he [C]ourt *will not* consider repetitive requests for reduction of sentence."[11]

(6) White's Motion is procedurally barred as untimely. White filed the instant Motion on January 9, 2023,[12] nearly two and half years after his sentence was imposed.[13]

(7) The Court may only consider an untimely Rule 35(b) motion in two circumstances: when a movant demonstrates "extraordinary circumstances" or when the motion is filed pursuant to 11 *Del. C.* § 4217.[14] White has not identified any "extraordinary circumstances"[15] nor was his Motion filed pursuant to 11 *Del. C.* § 4217.

---

[9] Super. Ct. Crim. R. 35(b).

[10] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When [] a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[11] Super. Ct. Crim. R. 35(b) (emphasis added).

[12] D.I. 52. White filed this *pro se* Rule 35 Motion while he was pursuing postconviction relief and represented by Rule 61 Counsel. D.I. 52. As a result, the Court forwarded White's Rule 35 Motion to his Rule 61 Counsel. *See* D.I. 53, D.I. 61, D.I. 68.

[13] The Court sentenced White on August 28, 2020. D.I. 33.

[14] Super. Ct. Crim. R. 35(b).

[15] *See State v. Remedio*, 108 A.3d 326, 332 (Del. Super. 2014) (explaining that extraordinary circumstances must specifically justify the delay, be beyond the movant's control, and be the reason the movant was prevented from timely filing).

(8)  White's participation in educational programs, while commendable, does not constitute an "extraordinary circumstance."  As such, the Court finds the sentence remains appropriate for all the reasons stated at the time of sentencing.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that White's letter motion for sentence modification is **DENIED**.

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

Original to Prothonotary

cc:  Erika R. Flaschner, DAG
     Jason White (SBI # 00521649)